UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CR-00205-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JOSE JESUS MARQUEZ GOMEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Correct Record pursuant to Fed. Rule Crim. Pro. 36. The Motion reflects consultation with the government, which does not oppose the request.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Sixth Circuit has held that when a district court "clearly announces its intention" at sentencing, the court may amend the written judgment to "conform[] with what had been orally discussed at ... hearing" pursuant to Rule 36. United States v. Carr, 421 F.3d 425, 433 (6th Cir. 2005); cf. United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000) (noting "if there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls").

At the sentencing hearing, the Court orally imposed a sentence of 21-months imprisonment followed by two years of supervised release after considering the factors noted in 18 U.S.C. § 3553(a). The Judgment filed in this matter states that defendant received a 24-month sentence. Defendant contends the sentence of imprisonment included in the Judgment (#23) is inconsistent

1

with the sentence announced in court. Consultation with the court reporter reveals that defendant is correct and that the mistake was due to inadvertent reference to 24 months, which occurred later in the hearing, after the Court had already announced its intent to impose a 21-month sentence.

The Court notes that the government does not object to this Rule 36 motion to correct the record. All parties agree the intended sentence expressed by the Court during the sentencing hearing was for 21 months imprisonment and not 24 months. The only discrepancy is, therefore, between the oral pronouncement of the criminal sentence and the written Judgment, which reflects this Court's inadvertent reference to 24 months. Having considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Correct Record pursuant to Fed. Rule Crim. Pro. 36 (#25) is **GRANTED**. The Clerk of Court is instructed to draft an amended Judgment to reflect a sentence of 21-months imprisonment followed by two years of supervised release.

Signed: October 10, 2018

Max O. Cogburn Jr
United States District Judge